**Francisco ROMERO–NEGRETE, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–74435.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 20, 2016.*

Filed Jan. 27, 2016.

James B. Rudolph, Esquire, Rudolph, Baker & Associates, San Diego, CA, for Petitioner.

Karen Y. Stewart, Esquire, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland SEcurity, San Francisco, CA, for Respondent.

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

MEMORANDUM **

Francisco Romero–Negrete, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Serrano v. Gonzales,* 469 F.3d 1317, 1318 (9th Cir. 2006), and we review de novo claims of ineffective assistance of counsel, *Mo-*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*hammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Romero–Negrete's motion to re-open on the basis of ineffective assistance of counsel. Romero–Negrete did not establish prejudice for the alleged ineffective assistance because he can not show plausible grounds for the relief he seeks. *See Mohammed,* 400 F.3d at 793 (to prevail on a claim of ineffective assistance of counsel, petitioner must demonstrate that counsel failed to perform with sufficient competence and that petitioner was prejudiced by that performance); *Serrano,* 469 F.3d at 1319 (to show prejudice, an alien must show plausible grounds for relief).

Respondent's motion to terminate the stay of proceedings is denied as unnecessary.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.